THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT C. BOLUS, SR. | : | |
| | : | |
| **Plaintiff** | : | |
| v. | : | **3:13-CV-1460** |
| | : | **(JUDGE MARIANI)** |
| PENNSYLVANIA OFFICE OF THE | : | |
| ATTORNEY GENERAL, et al., | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM OPINION

### I. Introduction and Procedural History

Plaintiff's Complaint (Doc. 1) contains four counts: (1) a civil Racketeer Influenced and Corrupt Organizations Act ("RICO Act") violation under 18 U.S.C. § 1962(c), (2) conspiracy to violate RICO under 18 U.S.C. § 1962(d), (3) conspiracy to violate civil rights under 42 U.S.C. § 1985(3), and (4) failure to prevent a violation of a § 1985(3) violation under 42 U.S.C. § 1986.

After Plaintiff filed his Complaint, four Defendants moved to dismiss. On October 25, 2013, Defendant Nationwide Mutual Insurance Company filed a Motion to Dismiss (Doc. 15) with supporting brief (Doc. 16). On October 28, 2013, Defendant Motorist Mutual Insurance Companies filed a Motion to Dismiss (Doc. 17) with supporting brief (Doc. 18). On November 4, 2013, Defendants Corbett and the Pennsylvania Office of Attorney General ("Commonwealth Defendants") filed a Motion to Dismiss (Doc. 19) and filed a supporting brief on November 18, 2013 (Doc. 22). Finally, Defendant Pascucci filed a Motion to

Dismiss (Doc. 20) joining the other three motions to dismiss on November 9, 2013. Plaintiff

never filed a brief in opposition to any of the above four motions to dismiss. In addition,

Plaintiff never responded to a Show Cause Order issued by this Court on December 20,

2013 (Doc. 29) as to why the motions should not be deemed unopposed. Accordingly, the

Court entered an Order on January 8, 2014 (Doc. 34) noting Attorney Moses's failure and

deemed the pending motions as unopposed. Nevertheless, the Court considered the

substance of the motions to dismiss instead of granting them purely on the basis of being

unopposed. For the reasons set forth below, the Court will grant each of the pending

motions to dismiss but will also grant Plaintiff leave to amend after he obtains new counsel.

## II. Factual Allegations

In relevant part, the Complaint alleges that on June 30, 2011, Plaintiff appeared in

county court for a Preliminary Hearing on the criminal charges of (1)

False/Fraudulent/Incomplete Insurance Claim and (2) Theft by Deception – False

Impression. (Compl. at ¶¶ 1-2).

He claims that agents of the Commonwealth and insurance defendants approached

him (*id*. at ¶ 5) and offered to "forgo filing criminal charges on a separate matter if Plaintiff

waived his right to the [June 30, 2011] Preliminary Hearing." (*Id*. at ¶ 6). Plaintiff agreed to

the proposal, but Defendants allegedly reneged on the agreement and filed those separate

charges against him on June 30, 2011. (*Id*. at ¶¶ 7-10). Plaintiff claims that "[w]hile these

charges were withdrawn on June 30, 2011, the same day they were filed, the offer not to file

2

them was fraudulent, deceptive, and was the only reason Plaintiff waived his Preliminary Hearing." (*Id.* at ¶ 11). The separate charges, "although withdrawn, still appear on a criminal background check of Plaintiff." (*Id.* at ¶ 15).[1]

### III. Standard of Review

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio–Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a

---

[1] The sole allegation against Defendant Pascucci is that he was "the general manager of Plaintiff's business and acted with other Defendants when he ignored a subpoena to testify at Plaintiff's criminal trial, removed records and evidence relevant to Plaintiff's criminal trial from his business, and supplied knowingly false information to investigators and prosecutors." (Compl. at ¶ 26).

cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v.*

*Abbott Laboratories,* 707 F.3d 223, 231, n. 14 (3d Cir. 2013) (internal citations and quotation

marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to
> determine the sufficiency of a complaint: First, the court must take note of the
> elements a plaintiff must plead to state a claim. Second, the court should
> identify allegations that, because they are no more than conclusions, are not
> entitled to the assumption of truth. Finally, where there are well-pleaded
> factual allegations, a court should assume their veracity and then determine
> whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.,* 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged-but it has not show[n]-that the pleader is

entitled to relief." *Iqbal,* 556 U.S. at 679 (internal citations and quotation marks omitted).

This "plausibility" determination will be a "context-specific task that requires the reviewing

court to draw on its judicial experience and common sense." *Id.*

## IV. Analysis

### a. Count I

"A violation of § 1962(c), . . . requires (1) conduct (2) of an enterprise (3) through a

pattern (4) of racketeering activity. The plaintiff must, of course, allege each of these

elements to state a claim." *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 496, 105 S.

Ct. 3275, 3285, 87 L. Ed. 2d 346 (1985). The Third Circuit has clarified that a plaintiff must

show:

4

(1) the existence of an enterprise affecting interstate commerce; (2) that the defendant was employed by or associated with the enterprise; (3) that the defendant participated, either directly or indirectly, in the conduct or the affairs of the enterprise; and (4) that he or she participated through a pattern of racketeering activity.

*United States v. Console*, 13 F.3d 641, 653 (3d Cir. 1993) (quoting *Shearin v. E.F. Hutton Group, Inc.*, 885 F.2d 1162, 1165 (3d Cir. 1989)). "These predicate acts of racketeering may include, *inter alia*, federal mail fraud under 18 U.S.C. § 1341 or federal wire fraud under 18 U.S.C. § 1343." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 363 (3d Cir. 2010).

The statute defines "pattern of racketeering activity" to mean "at least two acts of racketeering activity" occurring within ten years of each other. 18 U.S.C. § 1961(5). The "two act requirement does not define a pattern of racketeering activity so much as it sets a minimum condition for such patterns to exist." *Hughes v. Consol-Pennsylvania Coal Co.*, 945 F.2d 594, 609 (3d Cir. 1991). "[A] pattern of racketeering activity requires the predicate acts be 'related, and that they pose a threat of continued criminal activity.'" *Id.* (quoting *H.J. Inc. v. Northwestern Tel. Co.*, 492 U.S. 229, 239, 109 S. Ct. 2893, 106 L.Ed.2d 195 (1989).

If a plaintiff alleges a RICO violation over a closed period ("closed-ended" scheme), she must prove a series of related predicates lasting a "substantial period of time." *Id.* at 242, 109 S.Ct. at 2902. If, however, she alleges a RICO violation before continuity is established ("open-ended" scheme), she must prove a "threat of continuity." *Id.* A threat of continuity exists when the predicate acts are a part of defendant's "regular way of doing business." *Id.* That is, defendant operates a "long-term association that exists for criminal purposes." *Id.*

*Id.* at 609-10.

5

The Complaint does not explain what specific "racketeering activity" Defendants engaged in, how such racketeering activity formed a "pattern," or how the activity affected interstate commerce. Plaintiff alleges in a conclusory fashion that Defendants engaged in extortion, mail fraud, and wire fraud as "predicate acts" under § 1962(c), but, as Nationwide points out, he pleads "no facts or allegations to suggest the actual commission of any of these acts, by any defendant." (Doc. 16, at 11).

In addition, assuming that the defendants constitute an "enterprise," Plaintiff's Complaint outlines only a single instance of any action the enterprise allegedly took, namely, reneging on an offer to forego filing separate criminal charges in exchange for Plaintiff's waiver of his right to a Preliminary Hearing. Even construing Plaintiff's claims to allege that the enterprise continued when Commonwealth Defendants solicited and obtained false testimony and evidence from witnesses, the enterprise ended with the conclusion of Plaintiff's criminal case. There was no substantial period of time over which this alleged RICO violation took place, and a threat of continuity is absent.

Because the factual allegations of the Complaint at present "do not permit the court to infer more than the mere possibility of misconduct, the complaint has . . . not show[n] that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679. Therefore, the Court will dismiss Count I without prejudice.

### b. Count II

As to Count II, Plaintiff must show that Defendants "conspire[d] to violate . . . the provisions of subsection . . . (c) of this section." 18 U.S.C. § 1962(d). A defendant may be held liable under section 1962(d) "if he knowingly agrees to facilitate a scheme which includes the operation or management of a RICO enterprise." *Smith v. Berg*, 247 F.3d 532, 535 (3d Cir. 2001). "To plead conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 179 (3d Cir. 2010) ("Furthermore, Great Western has not pleaded any facts that plausibly suggest a meeting of the minds between Rutter and members of the Pennsylvania judiciary" sufficient to form a conspiracy) (internal citations and quotation marks omitted). "RICO conspiracy is not a mere conspiracy to commit the underlying predicate acts. It is a conspiracy to violate RICO—that is, to conduct or participate in the activities of a corrupt enterprise." *Zavala v. Wal-Mart Stores Inc.*, 691 F.3d 527, 539 (3d Cir. 2012).

Because Plaintiff has failed to allege a claim for a RICO violation, his conspiracy to violate RICO claim must necessarily fail, as well. Furthermore, as Commonwealth Defendants point out, though "Plaintiff attempts to portray the overlapping roles of prosecutors, victims, and witnesses as evidence of a conspiracy, . . . [he] has made no attempt to plead facts demonstrating an[y] knowledge or agreement on the part of the Defendants." (Doc. 22 at 7). Plaintiff's allegations fail to set forth even the existence of a

7

conspiracy. Because the facts alleged "do not permit the court to infer more than the mere

possibility of misconduct, the complaint has . . . not show[n] that the pleader is entitled to

relief." *Iqbal*, 556 U.S. at 679. Therefore, the Court will dismiss Count II without prejudice.

### c. Count III

As to Count III, Plaintiff is suing Defendants under 42 U.S.C. § 1985(3).

> 42 U.S.C. § 1985(3) prohibits conspiracies predicated on "racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). In order to state a claim under 42 U.S.C. § 1985(3), the plaintiff must allege "(1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons ... [of] the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States."

*Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 253-54 (3d Cir. 1999),

*superseded by statute on other grounds as stated in P.P. v. West Chester Area Sch. Dist.*,

585 F.3d 727, 730 (3d Cir. 2009).

Despite suing under a statute that prohibits conspiracies based on invidious racial or

class-based animus, the Complaint alleges that "defendants conspired with each other and

others to violate Plaintiff's civil rights because of age . . . ." (Compl. at ¶ 40). Because a §

1985(3) suit can set forth a claim based on only an allegation of invidious race or class-

based animus, an age-based discrimination claim is inappropriate.

> In *Lake* [*v. Arnold*], the Court of Appeals described disabled persons (including the mentally retarded) as "a group that has traditionally suffered not only physical barriers but the badge of inferiority emplaced by a society that often shuns their presence." *Lake*, 112 F.3d at 688. The same cannot be said

of those over the age of 40. The aging process is shared by all people, and only those who die young will remain outside of the category of persons protected under the ADEA. *Kimel*, 528 U.S. at 83,120 S. Ct. at 645, 145 L. Ed. 2d at 542 ("Old age also does not define a discrete and insular minority because all persons, if they live out their normal life spans, will experience it."). Not every class of persons somehow disadvantaged by the realities of everyday life can claim class-based protection under § 1985(3). *See Russo v. Voorhees Twp.*, 403 F.Supp.2d 352, 359-360 (D.N.J. 2005) (holding that the "impoverished" are not entitled to § 1985(3) protection). The Court notes that the ADEA itself prohibits discrimination on the basis of a forbidden criterion rather than class-based discrimination. *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 313, 116 S. Ct. 1307, 1310, 134 L. Ed. 2d 433, 439 (1996) ("Because the ADEA prohibits discrimination on the basis of age and not class membership, the fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class."). Moreover, age classifications trigger only a rational basis analysis (and no heightened scrutiny) when challenged under the Equal Protection Clause. *Kimel*, 528 U.S. at 83-86, 120 S. Ct. at 645-647, 145 L. Ed. 2d at 542-544. Persons over the age of 40 cannot be fairly characterized as a "discrete and insular minority." *Id*. While members of the proposed class may be easy to identify, it would trivialize the "invidiousness" prong of the Griffin test to hold that everyone in United States enters a class protected under § 1985(3) on his or her fortieth birthday.

*McCleester v. Mackel*, No. CIV.A. 06-120J, 2008 WL 821531, at *30 (W.D. Pa. Mar. 27, 2008); *Platt v. Burroughs Corp.*, 424 F. Supp. 1329, 1340-41 (E.D. Pa. 1976) ("the coverage of s. 1985(3) is limited to invidious, class-based discrimination, and a group of persons over the age of 40 years and under 65 is not a 'class' for the purposes of that section.").

Moreover, Plaintiff has not identified how his age (which was not pled) was a factor in the actions Defendants allegedly took against him. This type of conclusory allegation is insufficient to survive a motion to dismiss. Because the factual allegations of the Complaint at present "do not permit the court to infer more than the mere possibility of misconduct, the

complaint has . . . not show[n] that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679.

Therefore, the Court will dismiss Count III without prejudice.

### d. Count IV

As to Count IV, 42 U.S.C. § 1986 provides, in relevant part, that

Every person who, having knowledge that any of the wrongs conspired to be
done, and mentioned in section 1985 of this title, are about to be committed,
and having power to prevent or aid in preventing the commission of the same,
neglects or refuses so to do, if such wrongful act be committed, shall be liable
to the party injured, or his legal representatives, for all damages caused by
such wrongful act, which such person by reasonable diligence could have
prevented.

It also provides that "no action under the provisions of this section shall be sustained which

is not commenced within one year after the cause of action has accrued." *Id*. Plaintiff claims

that his rights were violated June 30, 2011 when he was deceived by Defendants into

waiving his right to a preliminary hearing. He did not file his Complaint, however, until May

30, 2013, well past the statute of limitations. Furthermore, because the Court has already

found Count III for conspiracy under 42 U.S.C. § 1985(3) should be dismissed, Plaintiff's

claim for failure to prevent such a conspiracy in Count IV should necessarily be dismissed,

as well.

### e. Leave to Amend

It is well-settled that "[t]he court should freely give leave [to amend] when justice so

requires." FED. R. CIV. P. 15(a)(2). In addition, "if a complaint is vulnerable to 12(b)(6)

dismissal, a District Court must permit a curative amendment, unless an amendment would

be inequitable or futile." *In re New Jersey Title Ins. Litigation*, 683 F.3d 451, 462 (3d Cir. 2012). "The Rule 15(a) factors include undue delay, bad faith, prejudice, or futility." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 230-31 (3d Cir. 2011) (internal citation and quotation marks omitted).

Because there is no evidence that Plaintiff, himself, acted in bad faith or for the purpose of undue delay, and because he may have been prejudiced by the conduct of Attorney Moses, the Court will grant Plaintiff leave to amend his Complaint after he obtains substitute counsel.

## V. Conclusion

For the foregoing reasons, the Court will grant Motions to Dismiss (Docs. 15, 17, 19, and 20) filed by Nationwide Mutual Insurance Company, Motorist Mutual Insurance Companies, Commonwealth Defendants, and Joseph Pascucci as unopposed and on the merits of the arguments. The Court will dismiss Plaintiff's Complaint without prejudice and grant him leave to amend after he obtains substitute counsel.

Robert D. Mariani
United States District Judge